IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARVIN LEE MOSLEY, )
 )
      Plaintiff, )
 )
vs. ) Case No. 13-cv-418-TLW
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
      Defendant. )

## OPINION AND ORDER

Plaintiff Marvin Lee Mosley seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 20). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the

evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## Background

Plaintiff, then a 49-year old male, applied for Title XVI benefits on June 2, 2010. (R. 20). Plaintiff alleged a disability onset date of December 1, 2009. (R. 134). Plaintiff claimed that he was unable to work due to lupus, depression, and mood swings. (R. 146, 181). Plaintiff's claim for benefits was initially denied on November 24, 2010, and on reconsideration on February 23, 2011. (R. 68, 70, 72-75, 83-85). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on October 12, 2011. (R. 34-67). The ALJ issued a decision on December 27, 2011, denying benefits and finding plaintiff not disabled because he was able to perform his past relevant work. (R. 26). Alternatively, at step five, the ALJ found that plaintiff could perform other work such as bench assembler, and electrical assembler. (R. 26-27). The Appeals Council denied review, and plaintiff appealed. (R. 3-6).

## Analysis

On appeal, plaintiff raises two points of error. First, plaintiff argues that the ALJ erred in her analysis of plaintiff's credibility. Second, plaintiff argues that the ALJ's decision does not reflect that the ALJ considered the Third-Party Function Report of plaintiff's friend, Eve Hargrove.

### Plaintiff's Credibility

Plaintiff argues that the ALJ's determination of plaintiff's credibility failed to include the proper analysis. (Dkt. 18 at 5). "Credibility determinations are peculiarly the province of the

finder of fact," and their determinations are not to be set aside "when supported by substantial evidence." Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). However, these findings "should be closely and affirmatively linked to substantial evidence." Hutson v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). If the ALJ identifies the specific evidence on which he or she relies, then this requirement is satisfied. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence." Id. Thus, the Tenth Circuit permits a court to apply a "common sense" approach to the review of an ALJ's credibility determination. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166-67 (10th Cir. 2012). "Technical perfection" is not required. Id.

Plaintiff argues that the ALJ used boilerplate language in reaching her determination on plaintiff's credibility and did not link the determination to substantial evidence. The use of "boilerplate" language was recently discussed by the Tenth Circuit in Keyes-Zachary, 695 F.3d at 1169-71. In rejecting the plaintiff's claim that the ALJ had relied on boilerplate language, the Circuit noted that the ALJ's "approach performed the essential function of a credibility analysis by indicating to what extent he credited what she said when determining the limiting effect of her symptoms." Id. at 1170. Here, the ALJ performed this "essential function" by noting the inconsistencies of plaintiff's testimony with the medical record. (R. 25). In addition, a reading of the ALJ's opinion shows that she considered other factors as well. (R. 25-26). When discussing plaintiff failure to obtain treatment since June 27, 1010, and his failure to explain why he did not return to Family and Children's Services for care, the ALJ noted that plaintiff had been able to obtain treatment despite being "unemployed and homeless," and concluded that "there can be no defense by the claimant that he is unable to afford care." (R. 25-26). Finally, the ALJ noted that plaintiff's counsel failed to provide certain medical records after the hearing was left open to

receive them; therefore, the ALJ made the "negative inference that the evidence either does not exist or exists but does not support the claimant's case." (R. 26).

Therefore, substantial evidence supports the ALJ's credibility analysis. The undersigned finds no error with this issue.

**Third-Party Function Report**

Plaintiff also argues that the ALJ's decision does not reflect the third-party function report of his friend, Eve M. Hargrove. (Dkt. 18 at 8). SSR 06-03p states that the ALJ must consider evidence from "'non-medical sources' who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors." That Ruling also acknowledges, however, that there is a distinction between what an ALJ must consider and what an ALJ must explain. See SSR 06-03p, 2006 WL 2329939. Specifically, the Ruling states that for those "other source" opinions that do not require discussion, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id.

Here, the third-party function report in question was completed by plaintiff's friend, and, therefore, is not subject to the requirement that the ALJ *discuss* the third-party report. Id. at *6. Rather, the ALJ stated that she *considered* the opinion evidence (R. 24), which is all that SSR 06-03p requires, and where the ALJ has said that she has considered evidence, the Court is inclined to take the ALJ at her word. See Hackett, 395 F.3d at 1173.

Additionally, the third-party function report does not give any new information that plaintiff had not already given in his own report and testimony. Ms. Hargrove's third-party report

states that plaintiff needed help with activities of daily living and household chores due to pain. (R. 169-176). Ms. Hargrove also indicates that plaintiff has a short attention span and mood swings. Id. Plaintiff's testimony, as noted in the ALJ's decision, is consistent with the third-party function report. (R. 25). The ALJ addressed those issues. Because the third-party report contains no new information that would impact the ALJ's decision, the ALJ was not required to discuss it.

## CONCLUSION

For these reasons, the ALJ's decision finding plaintiff not disabled is **AFFIRMED**.

SO ORDERED this 26th day of September, 2014.

_____
T. Lane Wilson
United States Magistrate Judge